CARMELINO F. GEMMA *vs.* HELEN E. GEMMA. January 3, 1947. Decree affirmed. This libel seeking annulment of the marriage of the parties (G. L. [Ter. Ed.] c. 207, § 14) comes before us on the libellant's appeal from the decree entered by the judge dismissing the libel. The ground upon which the libel is based is that the libellee induced the libellant to marry her by certain "false and fraudulent representations." The evidence is not reported, but the judge at the request of the libellant made a report of material facts upon which the decree appealed from was based. The only real question for consideration is whether the findings made by the judge support the decree. We are of opinion that they do.

*I. Bloch*, for the libellant.

No argument nor brief for the libellee.

SEYMOUR E. ALLEN *vs.* JUDGE OF PROBATE. January 30, 1947. Exceptions overruled. This is a petition brought in the Supreme Judicial Court by Seymour E. Allen for a writ of mandamus commanding the respondent, first judge of the Probate Court for the county of Hampden, to declare a decree of the Probate Court of October 27, 1944, appointing Percy H. Goodsell administrator of the estate of John R. Allen a nullity and the proceedings thereon invalid. The petition was presented to a justice of this court upon an oral application for the issuance of an order of notice thereon. The justice made an order denying the application and allowed a bill of exceptions. Assuming that the bill of exceptions presents the question of the propriety of denying the order of notice, we find no error. The petition does not show that the petitioner has no adequate remedy in the Probate Court in accordance with the ordinary procedure in that court. Consequently, the petition does not show that the petitioner has any ground for relief by the extraordinary writ of mandamus.

*S. E. Allen, pro se*, submitted a brief.

No argument nor brief for the respondent.